employment of the plaintiffs and the sale in question were admitted by the answer, and the only question at issue upon the trial was whether or not the plaintiffs were the procuring cause of sale. No exception to the admission or the exclusion of evidence was argued upon the appeal, nor was there any exception taken to the judge's charge; and the sole question to be considered upon this appeal is whether or not the court erred in refusing to charge the following request: "That Mr. Tracy's solicitation to represent the seller is not prejudicial." The appellant contends that the justice was not warranted in charging, as he did, "that an agent cannot act for both parties in the same transaction unless that fact were known to both," it being irrelevant to the issues to be determined by the jury, and that his request to charge was designed to counteract the charge of the justice in that respect. But an inspection of the testimony shows that Mr. Tracy throughout the transaction had been acting for the purchaser, and that he had paid him half commissions. It will therefore be seen that the charge was entirely proper under the circumstances, and that the justice very properly refused to charge as requested, but left that question to the jury. The judgment should therefore be affirmed, with costs.

---

DUNNE, Respondent, *v.* YOUNG, Appellant.

*(Common Pleas of New York City and County, Additional General Term.* January 4, 1892.)

Appeal from eleventh district court.

Action by John W. Dunne against Annie Young upon a written contract.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*C. & A. Kenneson,* for appellant. *F. Higley,* for respondent.

PER CURIAM. This action was brought upon a written contract, and of course the burden of showing the fulfillment of it according to its terms was upon the plaintiff. The defense relied upon was that the plaintiff neglected the business, was incompetent to do the work which he undertook to do, and that it became necessary for the defendant to hire another man to do part of his work. It is true that the plaintiff contradicts this testimony upon these points, but this makes it a question of conflict of evidence merely; and, as there is enough to sustain the finding of the court below upon these questions, we think the judgment should be affirmed, with costs.

---

CROMWELL, Respondent, *v.* BLACK, Appellant.

*(Superior Court of New York City, General Term.* December 10, 1891.)

Action by William Nelson Cromwell, as assignee, against William F. Black.

From order denying defendant's motion for a further bill of particulars, defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and DUGRO, JJ.

*E. D. Hawkins,* for appellant. *W. J. Curtis,* for respondent.

PER CURIAM. The order should be affirmed, with $10 costs and disbursements.

---

DEMPSEY, Appellant, *v.* HEANEY, Respondent.

*(Superior Court of New York City, General Term.* December 10, 1891.)

Action by William Dempsey against John Heaney. Plaintiff appeals from order vacating an order for the examination of defendant before trial.

Argued before SEDGWICK, C. J., and DUGRO, J.

*Edmund Luis Mooney,* for appellant. *Bernard Metzger,* for respondent.